Attachment 2 - EEOC Complaint Form

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
_San Antonio_ DIVISION

_Derrick Taylor_

**RECEIVED**

MAY 0 8 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

(Name of plaintiff or plaintiffs)

v.

Civil Action Number: **SA25CA0509 OG**
(Supplied by Clerk's Office)

_Avanzar Interior Technologies_

(Name of defendant or defendants)

## COMPLAINT

1. This action is brought by _Derrick Taylor_, Plaintiff, pursuant to the following selected jurisdiction:

**(Please select the applicable jurisdiction)**

[ ] Title VII of the Civil Rights Act of 1964 (42 USC §§ 2000e et seq.) Employment Discrimination on the basis of race, color, sex (gender, pregnancy and sexual harassment), religion or national origin.

[ ] The Age Discrimination in Employment Act (29 USC §§ 621 et seq.) (**ADEA**).

[✓] The Americans With Disabilities Act (42 USC §§ 12102 et seq.) (**ADA**).

[ ] The Equal Pay Act (29 USC § 206(d)) (**EPA**).

[ ] The Rehabilitation Act of 1973 (29 USC §791 et seq.) (Applicable to federal employees only).

2. Defendant _Avanzar Interior Technologies_ (Defendant's name) lives at, or its business is located at _1 Lone Star Pass Building 41_ (street address), _San Antonio_ (city), _Texas_ (state), _78264_ (zip).

28

Rev. Ed. October 26, 2017

3a.  Plaintiff sought employment from the defendant or was employed by the defendant at _I hone Star Pass Building C(I_____ (street address), (city), _San Antonio_ (state), _Texas_ _78264_ (zip).

3b.  At all relevant times of claim of discrimination, Defendant employed _500_ (#) employees. If defendant is a union, at all relevant times of claim of discrimination, Defendant had _____ (#) members.

4.  Defendant discriminated against plaintiff in the manner indicated in paragraph 8 of this complaint on or about _October_ (month) _10th_ (day) _24_ (year). If incidents of discrimination occurred more than one day, please indicate the beginning and ending dates of such acts: _October 10th - October 15th_.

5.  Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission (E.E.O.C.) charging defendant with the acts of discrimination indicated in paragraph 7 of this complaint on or about ~~Jan~~ _Jan_ (month) _Feb_ ~~Jan 29th~~ (day) ~~Jan~~ _25_ (year). (Not applicable to federal civil service employees).

6a.  The E.E.O.C. issued a **Notice of Right to Sue** which was received by plaintiff on (month) _Feb_ _7th_ (day) _2025_ (year). (Not applicable to ADEA and EPA claims or federal civil service employees).

**VERY IMPORTANT NOTE:**   PLEASE ATTACH A COPY OF YOUR NOTICE OF RIGHT TO SUE AND THE ENVELOPE IN WHICH IT WAS RECEIVED TO THIS COMPLAINT.

6b.  Please indicate below if the E.E.O.C issued a **Determination** in your case:

[ ✓ ] Yes
[   ] No

**VERY IMPORTANT NOTE:**   IF YOU CHECKED "YES", PLEASE ATTACH A COPY OF THE E.E.O.C.'S DETERMINATION TO THIS COMPLAINT

7.  Because of plaintiff's:

**(Please select the applicable allegation(s))**

[   ]   Race (If applicable, state race) _____

[   ]   Color (If applicable, state color) _____

29

Rev. Ed. October 26, 2017

[ ] Sex (gender, pregnancy or sexual harassment) (If applicable, state sex and claim)

[ ] Religion (If applicable, state religion) _____

[ ] National Origin (If applicable, state national origin) _____

[ ] Age (If applicable, state date of birth) _____

[✓] Disability (If applicable, state disability) _Physical Limitations, Shoulders_

[ ] Prior complaint of discrimination or opposition to acts of discrimination. (Retaliation) (If applicable, explain events of retaliation) _____

The defendant: **(please select all that apply)**

[ ] failed to employ plaintiff.

[ ] terminated plaintiff's employment.

[ ] failed to promote plaintiff.

[ ] harassed plaintiff.

[✓] other (specify) _Failed to Accomodate employ when Asked._

8a. State **specifically** the circumstances under which defendant, its agent, or employees discriminated against plaintiff **PERSONALLY**:

**VERY IMPORTANT NOTE:**     INCLUDE <u>SPECIFIC DATES</u>, <u>SPECIFIC EVENTS</u>, AND ANY <u>SPECIFIC COMMENTS</u> MADE BY DEFENDANT PERTAINING TO THE DISCRIMINATION CLAIM ALLEGED ABOVE.

_____

8b. List any **witnesses** who would testify for plaintiff to support plaintiff's allegations and the substance of their testimony:

_____

8c. List any **documentation** that would support plaintiff's allegations and explain what the documents will prove:

30

Rev. Ed. October 26, 2017

9. The above acts or omissions set forth in paragraphs 7 and 8 are:

[ ] still being committed by defendant.
[✓] no longer being committed by defendant.

10. Plaintiff should attach to this complaint a copy of the charge filed with the Equal Employment Opportunity Commission. This charge is submitted as a brief statement of the facts supporting this complaint.

WHEREFORE, plaintiff prays that the Court grant the following relief to the plaintiff:

[ ] Defendant be directed to employ plaintiff.

[ ] Defendant be directed to re-employ plaintiff.

[ ] Defendant be directed to promote plaintiff.

[✓] Defendant be directed to _Pay Plaintiff for emotional and mental stress, Back Pay Etc_ and that the Court grant such other relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

_5-8-25_
Date

_[signature]_
Signature of Plaintiff

_2186 Jackson Keller Rd STE 2253_
Address of Plaintiff

_San Antonio_   _Texas_   _78213_
City            State    Zip Code

Telephone Number(s)

Rev. Ed. October 26, 2017

31



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229
(210) 640-7530
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)
Issued On: **02/07/2025**

**To:** Mr. Derrick C. Taylor
3500 Oakgate Dr. Apt 2902
San Antonio, TX 78230

Charge No: 451-2025-00265
EEOC Representative and email:   Beatris Ortiz, ISA
                                 beatris.ortiz@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 451-2025-00265.

On behalf of the Commission,

*/s/ B. Collins*
for Norma J. Guzman, Field Director

Cc:

Avanzar Interior Technologies
1 Lone Star Pass Building 41
San Antonio, TX 78264

carlos.rodriguez@adient.com

**Please retain this notice for your records.**

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request

Enclosure with EEOC Notice of Closure and Rights (01/22)

identifying your request as a "FOIA Request" for Charge Number 451-2025-00265 to the Director Norma J. Guzman, 5410 Fredericksburg Rd., Suite 200, San Antonio, TX 78229.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 451-2025-00265 to Director Norma J. Guzman, 5410 Fredericksburg Rd., Suite 200, San Antonio, TX 78229.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at:
http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications)

Enclosure with EEOC Notice of Closure and Rights (01/22)

- **are not considered** in determining if the impairment substantially limits a major life activity.
- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.
- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note:* *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at* http://www.eeoc.gov/laws/types/disability_regulations.cfm.